Schoen v Board of Mgrs. of 255 Hudson Condominium (2023 NY Slip Op 02746)

Schoen v Board of Mgrs. of 255 Hudson Condominium

2023 NY Slip Op 02746

Decided on May 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 18, 2023

Before: Manzanet-Daniels, J.P., Kapnick, González, Shulman, Higgitt, JJ. 

Index No. 653725/20 Appeal No. 281 Case No. 2022-05511 

[*1]Laurie G. Schoen etc., Plaintiff-Appellant,
v
The Board of Managers of 255 Hudson Condominium, Defendant-Respondent.

Moulinos & Associates, LLC, New York (Peter Moulinos of counsel), for appellant.
Braverman Greenspun P.C., New York (William J. Geller of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered November 23, 2022, which denied plaintiff's motion to dismiss defendant's counterclaims for injunctive relief and for a declaratory judgment as time-barred by RPAPL 2001 or, alternatively, for dismissal of defendant's second counterclaim as duplicative, unanimously affirmed, without costs.
Defendant's counterclaims are not time-barred by RPAPL 2001(2). Defendant is not seeking to enforce a negative easement to restrain plaintiff from having a structure on her land (see Oneida County Mobile Home Sales v Niagara Mohawk Power Corp. , 47 NY2d 954, 956 [1979]; Rahabi v Morrison , 81 AD2d 434, 439 [2d Dept 1981]). Instead, the subject structure is in the unit's backyard, which is a limited common element and appurtenant to plaintiff's unit under the condominium's governing documents, and for which she has an affirmative easement for its exclusive use. Since plaintiff does not own the land where the structure is constructed, RPAPL 2001(2) is not applicable to the action. That plaintiff, as a unit owner, holds an undivided interest in the backyard as a limited common element is of no moment given that she gained her right of access to that portion of the property for her exclusive use by an affirmative easement. Plaintiff insists that defendant's right of action to enforce the bylaws of the condominium pursuant to Real Property Law 339-j does not supersede the two-year time limitation imposed by RPAPL 2001(2) and that RPAPL 2001(2) is applicable to the action whether the counterclaims are deemed statutory or common-law claims. However, plaintiff's argument ignores the fact that RPAPL 2001(2) is not applicable to the counterclaims asserted here because defendant is seeking to have her remove the structure from the backyard area, which is owned by the condominium itself and not on land owned by plaintiff.
Finally, the court properly declined to dismiss defendant's first counterclaim for an injunction requiring plaintiff to remove the structure from the backyard because it is not duplicative of the second counterclaim for a declaratory judgment that plaintiff, by keeping the structure in the backyard and refusing to remove it after being notified that it was built without defendant's approval and in violation of the applicable building code, has breached the condominium's governing documents.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2023